## W. H. CHILDS & SON v. G. SIDENBERG & CO.

(Court of Appeals of District of Columbia. Submitted January 15, 1926. Decided March 1, 1926.)

No. 1816.

Trade-marks and trade-names and unfair competition ⬯45½, New, vol. 7A Key-No. Series —Evidence held to warrant cancellation of registration of trade-mark.

Evidence as to registrant's use and disuse of word trade-mark acquired by assignment, and of prior registrant's use, *held* to warrant cancellation of registration at instance of another user.

Appeal from Commissioner of Patents.

Petition by G. Sidenberg & Co. for cancellation of registration of trade-mark theretofore granted to W. H. Childs & Son. From a decision of the Commissioner of Patents, canceling registration, W. H. Childs & Son appeal. Affirmed.

E. W. Bradford, of Washington, D. C., for appellants.

J. L. Levy and O. E. Edwards, both of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents canceling a trade-mark registration theretofore granted to the appellant. The mark in question was registered in the month of February, 1921, and consisted of the word "Capitol," used upon muslin and cotton piece goods; the appellant claiming continuous use of it since January, 1888, together with a registration of it owned by appellant, dated October, 1890.

In the month of June, 1923, the appellee filed a petition for the cancellation of said registration, claiming prior use of the mark upon goods of the same descriptive properties, together with a registration thereof by appellee, and claiming also that appellee's right to a cancellation had been conclusively established under the rule of res judicata by a decision of the Examiner of Interferences in a former interference proceeding between the same parties, no appeal having been taken therefrom.

Evidence was introduced by the respective parties, including a resubmission of that introduced in the prior interference proceedings. The Examiner of Interferences thereupon found upon all the evidence that the appellee had established a use of the mark since the year 1895; that the mark of the appellant was derived from the Albion Company by an assignment made in the year 1919; that said company had registered the mark in the year 1890, and had used it upon cotton piece goods from that date until 1902, but that in the latter year the Albion Company had ceased to manufacture or deal in goods of this character and had abandoned the mark; that the mark was then used by appellant with the consent of the Albion Company until the year 1905, after which it remained in disuse until 1919, when the company's aforesaid registration was assigned to the appellant, but that there remained no good will at that time to transfer to appellant, so that appellant acquired only the naked registration, and that this had since expired without a renewal.

Upon these facts the Examiner held that the appellant was not entitled to a use of the mark at the date of the application for the registration now in question, and accordingly sustained the petition of appellee for cancellation thereof. The Examiner found it unnecessary to pass upon the question of res judicata. This decision was affirmed, upon appeal, by the Commissioner of Patents.

We think it unnecessary to enter upon a detailed discussion of the evidence, for we are satisfied by a review of the record that the findings and decisions of the lower tribunals were correct, for the reasons fully set out in their opinions.

The decision of the Commissioner of Patents is accordingly affirmed.